NO. 07-12-0280-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 6, 2012

In re KENNETH HICKMAN, Relator

***Memorandum Opinion***

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Pending before the court is a petition for writ of mandamus filed by Kenneth Hickman asking that we order the Honorable Ron Enns, District Judge, 69th Judicial District, to "invoke [its] power to enforce its own judgment . . . ." We deny the petition for several reasons.

First, we were not provided a copy of the judgment, if any, sought to be enforced. Per Texas Rule of Appellate Procedure 52.3(k)(1), the relator is obligated to accompany his petition with a "certified or sworn copy of any order complained of or any other document showing the matter complained of." To the extent that we are being asked to direct the trial court to enforce a judgment, a copy of the judgment in question would tend to fall within the scope of a document "showing the matter complained of." Without the existence of such a judgment and disclosure of its contents, we cannot determine what, if anything, could or should be enforced.

Second, statute does vest trial courts with jurisdiction or authority to enforce their judgments. TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 *et seq.* (West 2008). It further specifies the different ways in which the decree may be enforced by a court, such as through ordering property to be turned over, *id.* § 31.002(b)(1), appointing a receiver, *id.* § 31.002(b)(3), or holding the debtor in contempt. *Id.* § 31.002(c). Yet, nothing in the motion to enforce filed with the trial court mentioned any particular method of enforcement desired by Hickman, and the trial court is not duty bound to simply select a method for the applicant.

Moreover, if Hickman desired the trial court to help him "reach property to obtain satisfaction [of] the judgment," *id.* § 31.002(a), the judgment creditor, *i.e.*, Hickman, was obligated to prove that the debtor owned non-exempt property that cannot be attached or levied upon through ordinary legal process. *Id.* § 31.002(a)(1) & (2). Nothing of record shows that such was done.

Accordingly, we deny the petition for writ of mandamus.


Brian Quinn
Chief Justice

2